NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL F. DORMAN, individually as a participant in the SCHWAB PLAN RETIREMENT SAVINGS AND INVESTMENT PLAN and on behalf of a class of all those similarly situated,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>THE CHARLES SCHWAB CORPORATION; et al.,<br><br>        Defendants-Appellants. | No.   18-15281<br><br>D.C. No. 4:17-cv-00285-CW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted June 14, 2019
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and PEARSON,** District Judge.

The district court erred by refusing to compel arbitration of the ERISA

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

breach of fiduciary duty claims asserted in the First Amended Class Action Complaint even though those claims fall squarely within the ambit of at least the Schwab Retirement Savings and Investment Plan (the "Plan").[1]

1.  The district court incorrectly found that Michael Dorman was not bound by the Plan document's arbitration provision (the "Provision"). Contrary to the district court's ruling, the record reflects that Dorman participated in the Plan for nearly a year while the Provision was in effect. A plan participant agrees to be bound by a provision in the plan document when he participates in the plan while the provision is in effect. *See, e.g., Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723–24 (9th Cir. 2000).

The district court reasoned Dorman was not bound by the Provision and, therefore, he did not agree to arbitrate his ERISA § 502(a) claims. We recently held, however, that such claims belong to a plan—not an individual. *Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1092 (9th Cir. 2018). The relevant question is whether the Plan agreed to arbitrate the § 502(a)(2) claims. Here, the Plan expressly agreed in the Plan document that all ERISA claims should be arbitrated.

The Provision selects an arbitral forum for resolving fiduciary breach claims and requires the arbitration to be conducted on an individual rather than collective

---

[1] In a published opinion filed concurrently with this memorandum, we overrule *Amaro v. Continental Can Co.*, 724 F.2d 747 (9th Cir. 1984), and reverse and remand.

basis. These claims "arise out of" and "relate to" the Plan because the claims are asserted under ERISA and allege that Plan fiduciaries breached their duties to the Plan. Therefore, the claims fall within the scope of the Provision.

The district court's reliance on *Johnson v. Couturier*, 572 F.3d 1067 (9th Cir. 2009), is misplaced because, in this case, the amendment was not an effort to insulate fiduciaries from ERISA liability. Instead of obstructing liability, a forum was selected for litigating fiduciary breach claims that offered "quicker, more informal, and often cheaper resolutions for everyone involved." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018).

The Provision is not invalid under ERISA § 410(a), 29 U.S.C. § 1110(a). An agreement to conduct arbitration on an individual basis, as in this case, does not "relieve a fiduciary from responsibility or liability."

2. Once it is established that a dispute falls within the scope of an arbitration agreement, a court must order arbitration unless the agreement is unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Federal Arbitration Act's ("FAA") savings clause recognizes only "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Epic*, 138 S. Ct. at 1622. The FAA's savings clause is inapplicable because Dorman does not assert any generally applicable contract defenses.

The district court held that the Provision was unenforceable on two alternative grounds. One ground, however, was later expressly rejected by the Supreme Court in *Epic*, and the other turned on the court's finding that arbitration places plan participants at a "disadvantage." To the extent the district court believed that an arbitrator would be less equipped than a court to resolve ERISA claims or less willing to find against Plan fiduciaries, the court was expressing precisely the type of "judicial hostility" towards arbitration that the FAA was designed to eliminate. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).

The district court's holding that the Provision is unenforceable because it violates the National Labor Relations Act ("NLRA") is foreclosed by *Epic*, which held that an arbitration agreement in which an employee agrees to arbitrate claims against an employer on an individual basis, is enforceable and does not violate the NLRA. 138 S. Ct. at 1624–25.

Claims alleging a violation of a federal statute such as ERISA are generally arbitrable absent a "contrary congressional command." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013). As every circuit to consider the question has held, ERISA contains no congressional command against arbitration, therefore an agreement to arbitrate ERISA claims is generally enforceable. *See, e.g.*, *Williams v. Imhoff*, 203 F.3d 758, 767 (10th Cir. 2000); *Kramer v. Smith Barney*,

80 F.3d 1080, 1084 (5th Cir. 1996).

In its second ground, the district court incorrectly held that the Provision is unenforceable under *Bowles v. Reade*, 198 F.3d 752 (9th Cir. 1999), because a plan participant cannot agree to arbitrate a § 502(a)(2) claim without the plan's consent. Here, the Plan did consent in the Plan document to arbitrate all ERISA claims. Dorman also did not waive any rights that belong to the Plan. When an individual participant agrees to arbitrate, he does not give up any substantive rights that belong to other Plan participants.

3. No party can be compelled under the FAA to arbitrate on a class-wide or collective basis unless it agrees to do so by contract. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010). The Supreme Court's recent decision in *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019), confirms that the parties here should be ordered into individual arbitration, as they did not agree to class-wide or collective arbitration. Because "arbitration is a matter of contract," the Provision's waiver of class-wide and collective arbitration must be enforced according to its terms, and the arbitration must be conducted on an individualized basis. *See Am. Express Co.*, 570 U.S. at 233.

Although § 502(a)(2) claims seek relief on behalf of a plan, the Supreme Court has recognized that such claims are inherently individualized when brought in the context of a defined contribution plan like that at issue. *LaRue v. DeWolff,*

*Boberg & Assocs., Inc.*, 552 U.S. 248 (2008). *LaRue* stands for the proposition that a defined contribution plan participant can bring a § 502(a)(2) claim for the plan losses in her own individual account. *Id.* at 256; *see also Munro*, 896 F.3d at 1093. The Plan and Dorman both agreed to arbitration on an individualized basis. This is consistent with *LaRue*.

**REVERSED** and **REMANDED** with instructions for the district court to order arbitration of individual claims limited to seeking relief for the impaired value of the plan assets in the individual's own account resulting from the alleged fiduciary breaches.